UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANOEXA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 10 C 7177 ) ) Judge Feinerman |
| THE UNIVERSITY OF CHICAGO and UCHICAGO ARGONNE, LLC, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff NanoeXa Corporation brought this diversity suit against The University of Chicago and UChicago Argonne, LLC (together, "Argonne"), alleging breach of contract, tortious interference with business relations, and defamation. Earlier this year, the court granted in part and denied in part Argonne's motion to dismiss NanoeXa's initial complaint. 2011 WL 1399264 (N.D. Ill. Apr. 13, 2011). Pertinent here, the court reserved ruling on Argonne's contention that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(7) due to NanoeXa's failure to join Decktron Co. Ltd., a South Korean entity, as a necessary and indispensable party under Rule 19. *Id*. at *9-10. NanoeXa filed an amended complaint (Doc. 33), and because the amended complaint does not name Decktron as a party, Argonne has renewed its Rule 12(b)(7) motion. The motion is denied.

In ruling on a Rule 12(b)(7) motion, the court must accept the complaint's allegations as true, but it also may consider extrinsic evidence outside the pleadings. *See Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479-480 & nn.2 & 4 (7th Cir. 2001). On June 1, 2006, NanoeXa and Argonne entered into a Patent Option and License Agreement ("Agreement") that

-1-

granted NanoeXa nonexclusive rights to Argonne's lithium-ion technologies. Doc. 33-1. On July 14, 2006, NanoeXa and Argonne entered into Amendment No. 1 to the Agreement ("Amendment"). Doc. 39-6. An introductory clause to the Amendment noted that NanoeXa was in the process of acquiring a controlling interest in Decktron pursuant to agreements referred to as the "NanoeXa-Decktron Transaction." *Id*. at 2. Paragraph 1 of the Amendment provides that the nonexclusive rights granted by the Agreement would be extended to Decktron. *Ibid*. The effective date of the Amendment is governed by Paragraph 3, which states:

> The effective date of this Amendment will be upon signature by both parties and receipt of [Argonne] of written confirmation of approval by the Korean Government of the NanoeXa-Decktron Transaction (the "Amendment Effective Date"). If written confirmation of approval by the Korean Government of the NanoeXa-Decktron Transaction is not received by [Argonne] within thirty (30) days of [Argonne's] signature below, this Amendment shall be null and void and of no force and effect.

*Id*. at 3. NanoeXa and Argonne signed the Amendment on July 14, 2006; there was no space provided for Decktron's signature, and there is no indication in the record that Decktron ever signed the Amendment. *Ibid*. The Amendment provides that "ALL OTHER TERMS AND CONDITIONS [of the Agreement] REMAIN UNCHANGED AND IN FULL FORCE AND EFFECT." *Ibid*. The Agreement provides that it "may be amended or modified only by a written instrument signed by the duly authorized representatives of" NanoeXa and Argonne. Doc. 33-1 at 10.

The threshold question on Argonne's Rule 12(b)(7) motion is whether Decktron is a necessary and indispensable party under Rule 19. Analysis under Rule 19 is bifurcated. First, the court determines under Rule 19(a) whether "a person" (which can be a natural person or, as here, an entity) is necessary—or, in the Rule's terms, whether the person is "required to be joined if feasible." Fed. R. Civ. P. 19(a). A person is necessary if: "(A) in that person's absence,

the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1); *see Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). Second, if a person is necessary under Rule 19(a) but cannot be joined, the court must determine under Rule 19(b) whether the person is indispensable—or, in the Rule's terms, "whether, in equity and good conscience, the action should proceed among the existing parties" without the necessary person "or should be dismissed." Fed. R. Civ. P. 19(b); *see Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). Argonne bears the burden of demonstrating that Decktron is a necessary and indispensable party under Rule 19. *See Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981); *Vasarhelyi v. Rojas*, 2010 WL 737589, at *5 (N.D. Ill. Feb. 26, 2010); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 67 (3d ed. 2004) ("The cases make it clear that the burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.").

When the court considered Argonne's first motion to dismiss, it assumed that the Amendment had made Decktron a party to the Agreement. 2011 WL 1399264 at *8-9. The court hesitated to conclude that Decktron was a necessary and indispensable party, however, given the possibility that Decktron had become "truly and irrevocably defunct," a circumstance that Argonne admitted would moot its Rule 12(b)(7) motion. *Id*. at *10. In opposing Argonne's

renewed motion to dismiss, NanoeXa reiterates its contention that Decktron no longer exists. Doc. 43 at 4-6; *see also* Doc. 33 at ¶ 8. But NanoeXa also raises a new argument—that Decktron never became a party to the Agreement because the Amendment never took effect. Doc. 43 at 3-4; *see also* Doc. 33 at ¶¶ 7, 9-10. If the Amendment never took effect, then Decktron is not a party to the Agreement, and if Decktron is not a party to the Agreement, then it is not a necessary and indispensable party under Rule 19. *See Davis*, 268 F.3d at 484 ("[w]hen a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract") (brackets in original) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1613, at 197 (3d ed. 2001)); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract."); *Grubb & Ellis Co. v. Huntington Hoffman, LLC*, 2010 WL 4962846, at *4 (N.D. Ill. Dec. 1, 2010) (collecting cases and noting that courts are "reluctant to require joinder of an absent party that does not have any rights under the agreement that is at issue in the dispute").

      The record indisputably shows that the Amendment never took effect. As noted above, Paragraph 3 provided that the Amendment's effective date "will be upon" Argonne's "receipt … of written confirmation of approval by the Korean Government of the NanoeXa-Decktron Transaction." Doc. 39-6 at 3. To ensure the point was not lost, Paragraph 3 further provided: "If written confirmation of approval by the Korean Government of the NanoeXa-Decktron Transaction is not received by [Argonne] within thirty (30) days of [Argonne's] signature below,

this Amendment shall be null and void and of no force and effect." *Ibid*. Argonne signed the Amendment on July 14, 2006, so the Amendment did not take effect and was "null and void" unless Argonne received written confirmation of the Korean Government's approval of the NanoeXa-Decktron Transaction by August 13, 2006.

The amended complaint alleges that the Amendment "did not become effective … because Argonne never received written confirmation of approval by the South Korean government of the NanoeXa-Decktron transaction," Doc. 33 at ¶ 9; NanoeXa's opposition brief argues the same point, Doc. 43 at 3-4. As the party that was to receive the requisite written confirmation, Argonne is in the best position to produce it and thereby demonstrate that the Amendment indeed took effect. Yet Argonne does not even claim, let alone attempt to show, that it received the written confirmation. By its plain terms, then, the Amendment never took effect and was null and void as of August 14, 2006, the day after the deadline set forth in Paragraph 3. *See Albrecht v. N. Am. Life Assur. Co.*, 327 N.E.2d 317, 319 (Ill. App. 1975). It follows that Decktron never became a party to the Agreement, and therefore that Argonne has not satisfied its burden of showing that Decktron is a necessary and indispensable party under Rule 19.

In an effort to avoid this conclusion, Argonne contends that the Amendment took effect by virtue of the fact that NanoeXa and Argonne *believed* it took effect and *acted as if* it had taken effect. Doc. 39 at 2-4, 7-8; Doc. 44 at 3-4. Argonne does not support this contention—which rests on the premise that the mere actions and beliefs of A and B can subject C to the terms, conditions, and obligations of a contract between A and B, and on the additional premise that the mere actions and beliefs of A and B can trump a express contractual term providing that the contract can be amended or modified only by a written instrument signed by

A's and B's duly authorized representatives—with any legal argument or citation to authority. Accordingly, the contention is forfeited. *See Arlin–Golf, LLC v. Vill. of Arlington Heights,* 631 F.3d 818, 822 (7th Cir.2011) (where party "cited no relevant legal authority to the district court to support the proposition ... [,] the argument is waived"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

    For these reasons, Rule 19 does not require NanoeXa to name Decktron as a party, and Argonne's Rule 12(b)(7) motion is denied.

October 6, 2011                          _____
                                                   United States District Judge